**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ARIZONA HALL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-941 RLW |
| | ) |
| UNITED STATES GOVERNMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of a civil complaint and motion for leave to proceed *in forma pauperis* filed by Arizona Hall. Having reviewed the motion and the financial information submitted in support, the Court determines plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. Additionally, the Court will deny plaintiff's motion seeking the undersigned's recusal from this action and deny as moot plaintiff's motion seeking the recusal of United States Magistrate Judge Patricia Cohen; dismiss the complaint as frivolous and malicious; and deny as moot the remaining pending motions.

**Standard of Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if, *inter alia*, it is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits or contains disrespectful or abusive language, *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988), or is filed to harass the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th

Cir. 1987). When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

## Discussion

The Court first addresses plaintiff's two motions for recusal. The first motion seeks the recusal of United States Magistrate Judge Patricia Cohen, the judge to whom this case was originally assigned. (ECF No. 5). Because Judge Cohen has since entered an order of recusal, the motion is moot and will be denied as such.

The second motion seeks the recusal of the undersigned on the basis of a "previous conversation and assertion with Magistrate Judge Jane M. Virden of the State of Mississippi." (ECF No. 12). However, the actual basis of the motion is clearly the undersigned's prior adverse ruling. Plaintiff points to Judge Virden's Report and Recommendation entered in the matter *Hall v. United States, et al.,* No. 4:21-CV-173-DMB-JMV (N.D. Miss. 2021), recommending the dismissal of his case. Plaintiff notes that in doing so, Judge Virden cited the undersigned's order in *Hall v. United States Government, et al.,* No. 4:18-CV-2038-ACL (E.D. Mo. 2018) as an example of plaintiff's frivolous and malicious litigation. The remainder of the motion challenges the undersigned's prior ruling, and seeks to advance claims similar to those in the complaint. The motion asserts no facts demonstrating the undersigned's bias or partiality, or any other disqualifying circumstance. "An adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 665 (8th Cir. 2003) (citations omitted). The motion will be denied.

The Court now reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against "United States Government," Missouri

Circuit Court Judges Margaret M. Neill and Michael K. Mullin, United States District Judge Stephen N. Limbaugh, Jr., and retired United States Magistrate Judge Terry I. Adelman. Plaintiff's claims against Judges Neill and Mullin arise from his underlying state court convictions.[1] Plaintiff's claims against Judges Limbaugh, Jr. and Adelman appear to arise from subsequent federal proceedings.[2] Plaintiff asserts that the original indictments against him were void, the state court lacked jurisdiction over him, the judges were racially prejudiced against him, and they all conspired to deny him his civil rights.

Plaintiff has repeatedly sought to assert these claims or essentially the same claims against these defendants and others involved in his state and federal proceedings. *See Hall v. United States Government, et al.,* No. 4:18-CV-2038-ACL (E.D. Mo. 2018); *Hall v. City of St. Louis, Missouri, et al.*, No. 4:19-CV-2529-SRC (E.D. Mo. 2019); *Hall v. United States, et al.,* No. 4:21-CV-162-HEA (E.D. Mo. 2021); and *Hall v. United States, et al.,* No. 4:21-CV-1232-RLW (E.D. Mo. 2021).[3] Those cases were dismissed upon initial review after the Court determined that (1) the defendants could not be held liable because of judicial or sovereign immunity; (2) plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); and (3) plaintiff's complaint was malicious. Plaintiff sought appellate review in all four

---

[1] *See Missouri v. Hall,* No. 0922-CR01820-01 (22nd Jud. Cir.) (assault) and *Missouri v. Hall,* No. 1022-CR04975-01 (22nd Jud. Cir.) (firearms offenses).

[2] On March 22, 2013, plaintiff, a pretrial detainee at the time, filed a mixed application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 and a civil rights complaint brought pursuant to 42 U.S.C. § 1983. The Court ordered plaintiff to file an amended application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and plaintiff did so on April 18, 2013, asserting a violation of his bond rights. *Hall v. Edwards*, 4:13-CV-556 SNLJ (E.D. Mo. 2013). In his December 31, 2013 Report and Recommendation, Judge Adelman recommended that the petition be dismissed as moot, given that petitioner had been sentenced. On January 21, 2014, Judge Limbaugh adopted the Report and Recommendation, and dismissed the action.

[3] Plaintiff has also unsuccessfully sought habeas relief pursuant to 28 U.S.C. § 2254. *See Hall v. Koster*, No. 4:16-CV-1528-AGF (E.D. Mo. 2016) (challenging assault conviction) and *Hall v. Hawley*, 4:16-CV-1739-CDP (E.D. Mo. 2016) (challenging firearms convictions).

cases, and the United States Court of Appeals for the Eighth Circuit summarily affirmed the judgments of this United States District Court in each case.

The situation before the Court is one in which plaintiff has again filed a *pro se* and *in forma pauperis* complaint to assert the same or nearly identical vague conspiratorial claims against these defendants and others, despite having been previously informed that such complaints are frivolous and malicious.  In this case, the Court finds that the complaint is frivolous and malicious for the same reasons set forth in the above-cited prior decisions of this United States District Court.  The defendants enjoy sovereign or judicial immunity, and plaintiff's claims are barred by the doctrine set forth in *Heck*, 512 U.S. 477.  Additionally, it appears plaintiff's claims are barred by the five-year statute of limitations applicable to 42 U.S.C. § 1983 suits.  *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005).  Finally, this action is malicious.  Clearly, plaintiff filed it not to rectify any cognizable harm, but to harass and disparage the defendants and vex this Court.  *See Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir.1999) (dismissing complaint against judges and federal prosecutor who obtained conviction against the plaintiff as frivolous and malicious).  The Court will dismiss this action at this time, and will deny as moot the remaining pending motions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for recusal (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's remaining motions (ECF Nos. 4, 5, 6, and 8) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of November, 2022.